UNITED STATES of America,
Plaintiff—Appellee,

v.

Fernando PALOMARES–PARRA,
Defendant—Appellant.

No. 03–10661.
D.C. No. CR–03–00279–JMR/GEE.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 5, 2004.

Decided Oct. 20, 2004.

---

David Paul Flannigan, Esq., Tucson, AZ, for Plaintiff–Appellee.

Stephen G. Ralls, Esq., Stephen G. Ralls, P.C., Tucson, AZ, for Defendant–Appellant.

Before MESKILL,* TROTT, and MCKEOWN, Circuit Judges.

## MEMORANDUM **

Fernando Palomares–Parra appeals his convictions for conspiracy to possess with the intent to distribute marijuana in violation of 21 U.S.C. § 846; possession with the intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1); and for knowingly and intentionally making a building available to someone else for the purpose of storing marijuana in violation of 21 U.S.C. § 856(a)(2).

* Hon. Thomas J. Meskill, Senior U.S. Circuit Judge for the Second Circuit, sitting by designation.

### 1. Sufficiency of the Government Evidence

Because the state of the evidence against Palomares–Parra, both at the end of the government's case in chief and when the case was submitted to the jury, was manifestly sufficient to sustain the government's burdens, we affirm. Under the circumstances of this case, it is reasonable to infer that Palomares–Parra entered his house from the attached garage during the approximately two-hour surveillance by law enforcement. Indeed, to infer that he simply remained in the garage of this stash house to which drug packaging paraphernalia had just been delivered in his truck by people who did not own or rent the house would be unreasonable. The house itself was virtually empty except for 550 pounds of marijuana, drug traffickers, wrapping paraphernalia, and the pungent order of marijuana stronger than agents had ever smelled. Moreover, the agents discovered $5,000 in cash in the center console of the same truck used by Palomares–Parra's associates to deliver the wrapping paraphernalia to his house. Putting this evidence together, a rational juror could find the elements of the charged crimes beyond a reasonable doubt.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.